UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLA LAVERNE RUSHING,

    Plaintiff,

v.                                                    CASE NO. 8:22-cv-2817-SDM-JSS

ROCHELLE WILLIAMSON, et al.,

    Defendants.
_____/

## O R D E R

Rushing's complaint alleges that the defendants violated her civil rights on specified days during her detention and criminal prosecution. Rushing neither moved for leave to proceed *in forma pauperis* nor paid the full $400 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), the Prisoner Litigation Reform Act ("PLRA") requires a district court both to review the complaint and to dismiss the complaint if frivolous or malicious or for failing to state a claim upon "which relief may be granted." Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard for four reasons.

First, Rushing lists a dozen days on which the defendants allegedly violated her rights. Although Section 1983 contains no limitation, the state's limitation controls.

Generally, the state limitation for a personal injury claim applies to a Section 1983 claim. *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985). *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) ("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.") (*per curiam*). In Florida, the limitation for a personal injury, and derivatively for a Section 1983 claim, is four years. Fla. Stat. § 95.11(3). Consequently, a claim based on an event that occurred before December 2018, is time-barred.

Second, Rushing can pursue a claim against neither a judge nor a prosecutor nor her defense lawyer. A state court judge is entitled to absolute immunity from suit in a civil rights action for an act that is within the scope of judicial authority. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 355 (1871); *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719 (1980); *Jones v. Cannon*, 174 F.3d 1271, 1281–82 (11th Cir. 1999). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). Prosecutorial immunity precludes Rushing's recovering either compensatory or punitive damages, each of which Rushing requests. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'") (*quoting*

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). *See also Van de Kamp v. Goldstein*, 555 U.S. 335, 340–43 (2009), and *Hart v. Hodges*, 587 F.3d 1288, 1294–96 (11th Cir. 2009), for a thorough review of the breadth of prosecutorial immunity. As a consequence, Rushing cannot pursue a claim for damages against any of the name prosecutors.

Similarly, Rushing's complaint fails to state a claim against her defense attorney because the complaint must allege facts showing that counsel acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). The complaint fails to state a claim against the defense attorney because no defense counsel — whether publicly provided or privately retained — acts under color of law. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding*.*" *Polk County v. Dobson*, 454 U.S. 312, 325 (1981). Rushing's allegations are based on his counsel's actions while "performing a lawyer's traditional functions" as described in *Dobson*. Therefore, Rushing's defense attorney was not acting under color of state law and is not liable under Section 1983.[1] *See also Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011)[2]

---

[1] The Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974). "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

("State public defenders do not act under color of state law, even when appointed by officers of the courts. *Wahl v. McIver*, 773 F .2d 1169, 1173 (11th Cir. 1985)).

Third, Rushing complains about the county jail's grievance procedures. A detainee in a county jail has no due process right to a grievance procedure. "[A] prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437 38 (11th Cir. 2007). *See also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (holding that a prison inmate grievance procedure is not constitutionally mandated and that a prison official's failure to take corrective action upon the prisoner's filing of a grievance amounts to no violation of due process), and *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). A prison official's failure to process a grievance is not actionable under Section 1983. *Thomas*, 237 F. App'x at 438 ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.").

Fourth, the complaint contains no fact attributed to a specific defendant. Rushing appears to rely on *respondeat superior* to reach some defendants. Rushing cannot pursue an action under Section 1983 against a person only because that person is the supervisor of someone who allegedly wronged Rushing. The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Rushing's civil rights. Rushing cannot base a Section 1983 claim on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978).

*See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

The civil rights complaint (Doc. 1) is **DISMISSED** for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint no later than **FRIDAY, JANUARY 20, 2023**. The clerk must send to Rushing both a civil rights complaint form and a "Prisoner Consent and Financial Certificate" form.

ORDERED in Tampa, Florida, on December 20, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE